JOHANNA KAVANEY *vs.* MARY J. GILBANE.

APRIL 26, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)　Trover.*

The transfer of a mortgage from plaintiff to defendant assuming it to have been done with full knowledge on the part of plaintiff which was not inconsistent with the course of dealing prevailing between the parties for several years, and where defendant did not for two years after the transfer treat the mortgage as her individual property, is not sufficient to establish a conversion by defendant.

*(2)　Trover.*

The act of defendant who was the agent of plaintiff to deal with a mortgage for the benefit of plaintiff in transferring the mortgage to a third party as security for a loan to defendant, was a conversion of the property of plaintiff.

TROVER. Heard on exceptions of plaintiff and sustained.

VINCENT, J. This is an action of trespass on the case for trover and conversion. The declaration is in two counts. The first count alleges that the plaintiff was, on the 21st day of October, A. D. 1907, possessed of a certain negotiable promissory note for the sum of three thousand dollars, bearing date August 13, 1896, made by one Cosimo Bucci, payable to the order of Bernard McGuinness one year after date with interest at the rate of six per centum per annum, payable semi-annually in advance; one mortgage deed given by Cosimo Bucci to Bernard McGuinness, dated August 13, 1896; a transfer of said mortgage deed dated August 27, 1896, from Bernard McGuinness to Johanna Kavaney, and a certificate of insurance for two thousand dollars in the order of the Knights of the Maccabees, No. 1062, on the life of John Kavaney, the husband of said Johanna Kavaney, and payable to her in the event of the death of the said John Kavaney, all of which said goods and chattels were of the value of five thousand dollars, and that the defendant converted the same to her own use, etc.

The second count is substantially the same as the first count with the exception that the conversion is alleged as of the 29th day of August, 1909. The note and the mortgage described are of the same transaction, the one being secured by the other.

Bernard McGuinness, the father of the defendant, was for many years a dealer in real estate and a broker in mortgages and insurance and from 1896 to 1902 had from time to time acted for the plaintiff and assisted her in making investments, collecting interest, etc. For reasons which are not material to the present consideration, the plaintiff did not carry on her transactions in her own name and so the note and mortgage in question were taken in the name of Bernard McGuinness, although the same were later transferred by him to the plaintiff.

Upon the death of Bernard McGuinness in 1902, the defendant succeeded him and for some years continued to carry on the business which had theretofore been conducted by her father and thus became the broker, confidential agent and advisor of the plaintiff. Soon after assuming the charge of the business it was arranged between the plaintiff and defendant that the former should deposit with the latter the Bucci note and mortgage which would be for the convenience of and aid the defendant in the collection of the interest, she being at the time new to the business and not familiar with the names of all of the parties from whom interest was due. The note and mortgage were accordingly turned over to the defendant and the defendant continued to collect the interest for and account to the plaintiff and for the same for some years.

In October, 1907, the Bucci note and mortgage were formally transferred by the plaintiff to the defendant, the acknowledgment being taken before a notary public who was also a lawyer in good standing. The testimony as to the circumstances attending this transaction is conflicting, the defendant claiming that the mortgage was transferred to her to do as she liked with it provided that she accounted

to the plaintiff for its value, while the plaintiff on the other hand claims that she executed the transfer through the deception of the defendant who led her to believe that she was executing the transfer of another mortgage. It does not seem to us to be necessary to enter upon a discussion of these respective claims of the plaintiff and defendant in view of other undisputed facts and circumstances which appear to this court to be controlling.

Some two years after the transfer of the Bucci mortgage from the plaintiff to the defendant, as above noted, the defendant became financially embarrassed and in order to save certain of her property from being sold out under attachment proceedings she transferred the Bucci mortgage, under date of August 28, 1909, to one John C. Smith, as security for a loan. The defendant, Mrs. Gilbane, has never paid to the plaintiff the amount or value of said mortgage, although she acknowledges that she is indebted to the plaintiff for the amount thereof.

(1) The first count of the plaintiff's declaration sets up the conversion as of October 21, 1907, that being the date of the transfer of the mortgage from her to the defendant, while the second count fixes the time of the conversion as August 28, 1909, that being the date when the mortgage was transferred by the defendant to Smith in order to obtain a loan for her own personal benefit. We do not think that a conversion can be established under the first count. The transfer of the Bucci mortgage from the plaintiff to the defendant, assuming the same to have been done with the full knowledge and understanding of the plaintiff, would not have been inconsistent with the course of dealing which had prevailed between the parties for several years and would tend to facilitate the handling and management of the plaintiff's affairs by the defendant, especially if the plaintiff was contemplating an extended absence from the country. The defendant did not for a period of some two years after receiving a transfer of this mortgage treat it as her individual property and it was only after she became financially em-

barrassed and was unable to procure money from other sources, to save a portion of her property from sale under execution that she resorted to the Bucci mortgage to procure the loan which she needed.

The defendant at the trial upon being asked by her counsel to tell the jury the circumstances attending the transfer of the Bucci mortgage made the following statement: "Mrs. Kavaney had separated from her husband, she was having some trouble with him. She came into the office one day and said that she expected to go to Ireland with her little daughter, Mamie, and as that mortgage wasn't in her name really on record, she said that I could do with it as I pleased, sell it or do with it as I pleased, providing I would account to her and give her the money when she wanted it, as she did not want her husband to know she had any property or any money, and that was the only mortgage, excepting a second mortgage on the same property, and the reason that wasn't transferred to me was because I told her I didn't think it was easy to transfer a three hundred and fifty dollar second mortgage on top of a three thousand dollar mortgage, that she could hold that, but if I could sell or do anything with the mortgage it would be all right, and she said yes. At that time I had no thought of doing anything and wouldn't have until I had the transfer in my possession over two years from her to me, and at that time I gave it as collateral to Mr. Smith. There was an attachment on a piece of property belonging to me on Davis Street which, over and above the mortgage, was worth about $8,000. It was being sold at sheriff's sale for $1,700. I had tried to get money but, as I was in hard luck, couldn't raise the money; it was hard work to get any brokers or anybody to help me. I hated to see the place go, and after she told me what I could do with it, and having a legal transfer, and having a legal right to the mortgage, as it was never signed by my father, I didn't sell it but gave it to Mr. Smith as collateral, expecting when I sold the property, or after the sale of the property, and wiping out the indebtedness to the

party who had attached me, I would be able to sell it and make good the rest of it; but as soon as that attachment was off the Atlantic National Bank jumped on the property and took every dollar of it. I never realized a cent of it. It was the corner of State and Davis Streets."

From this statement of the defendant it clearly appears that she was simply the agent of the plaintiff to deal with the mortgage for the benefit of the latter and that any assumption on her part that she held such mortgage as her individual property for which she was simply indebted to the plaintiff in the same manner as she would be indebted to an ordinary creditor is absolutely unwarranted both by her own testimony and by other facts and circumstances brought out at the trial.

We think that the defendant by her transfer of the Bucci mortgage to Smith on August 28, 1909, was as a matter of law guilty of a conversion of the plaintiff's property as alleged in the second count of the declaration. The plaintiff's exception to the decision of the trial court denying her motion for a new trial is sustained. The defendant may appear before this court on Monday, May 22, at 10 o'clock A. M., if she shall see fit and show cause, if any she has, why this case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff upon the second count of the declaration and for the assessment of damages.

*Thomas W. Gilchrist, Fitzgerald & Higgins*, for plaintiff.
*McGovern & Slattery*, for defendant.